UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS SELVIDGE,

　　　　Plaintiff,

　　v.

JAMES McFARLAND, *et al.*,

　　　　Defendants.

Case No. C04-5165RJB

REPORT AND RECOMMENDATION

**NOTED FOR:
April 15th, 2005**

　　　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff filed for *In Forma Pauperis* status in March of 2004. He was denied *In Forma Pauperis* status and on July 13th, 2004, he paid the filing fee. (Dkt. # 10).

　　　　There was no activity in the file and no indication plaintiff has perfected service or otherwise obtained *in personam* jurisdiction over any named defendant in this action. On September 28th, 2004 the court entered an Order To Show Cause. (Dkt. # 14). There has been no response.

　　　　Federal Rule of Civil Procedure 4 (m) allows 120 days for service to be accomplished. It has been well over 120 days since the complaint was originally lodged in this action. (Dkt. # 1). It has been over 120 days since the complaint was filed on July 13th, 2004. This case appears to have been abandoned.

ORDER - 1

DISCUSSION

Federal Rule of Civil Procedure 4 (m) provides that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

There is no indication that any named defendant is aware of this action being filed. Plaintiff's failure to effect service after having been warned by the court is inexcusable. Accordingly, the case should be **DISMISSED WITHOUT PREJUDICE**.

CONCLUSION

Plaintiff's failure to respond to an Order to Show Cause and his failure to serve the defendants, has resulted in more then 120 days passing without service on any named defendant. Accordingly, this action be should be **DISMISSED WITHOUT PREJUDICE**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

ORDER - 2

Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 15th, 2005**, as noted in the caption.

DATED this 17th day of March, 2005.

    s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate

ORDER - 3